J-S44012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANDRE RASHODD SMITH | : | |
| Appellant | : | No. 2790 EDA 2022 |

Appeal from the Order Entered October 4, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0001819-2016

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 24, 2024**

Appellant, Andre Rashodd Smith, appeals *pro se* from the October 4, 2022 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

A panel of this Court previously explained:

The operative facts of the matter involve [Appellant] stabbing his former friend Grayling Chambliss in the chest and abdomen five [] times with a butcher knife, procured from his girlfriend's kitchen before he answered the front door, shortly after midnight on May 11, 2016, such that the knife penetrated the victim's lung, heart, and aorta, reaching at one point to the victim's vertebrae, and also tore out the victim's small intestine, which caused the victim's small intestine to protrude from his abdominal cavity.  The victim died within minutes.

The murder occurred while [Appellant] was experiencing the psychotropic effects of his voluntary ingestion of "wet", *i.e.*, PCP-laced marijuana, most likely earlier in the evening while he was at a bar drinking with his cousin.  Immediately after

_____

[*] Retired Senior Judge assigned to the Superior Court.

stabbing [] Chambliss, [Appellant] ran into the bathroom of his girlfriend's home, removed all of his own bloody clothes, ripped the toilet/toilet tank from the wall/floor, and jumped naked out of a second story window onto the pavement below, fracturing his own heel and ankle and sustaining various abrasions to his body in the process. In a police interview conducted a couple hours later at the hospital, which was played for the jury, [Appellant] told one Detective Raech, "So I know the only . . . way for me to kill this man and like to stop him from fightin' [*sic*] me I gotta [*sic*] stab him in his heart."

[Appellant], who testified on his own behalf at trial, advanced the theory that due to his mental illness and voluntary intoxication on the night of the murder, he was unable to form the specific intent to kill and he claimed he acted in self-defense, on the basis that he was allegedly afraid of [] Chambliss, who, according to the defense, had a [20]-year old conviction for [s]imple [a]ssault, two [] arrests for [r]ape, and was known to [Appellant] to carry a gun. The defense alleged that [] Chambliss had been calling [Appellant] repeatedly on his cellular telephone] that evening and trying to contact him in person by knocking on [Appellant's] girlfriend's door, interrupting the [Appellant's] family and prayer time, and was trying to forcibly enter [Appellant's] girlfriend's home, where [Appellant] was staying, after being warned to go away. [] Chambliss's persistence in contacting [Appellant] may have been occasioned by a drug debt that [] Chambliss wished to reimburse to [Appellant], who had previously supplied [] Chambliss with controlled substances.

Despite his attorneys' attempt to persuade the jury that [Appellant] could not have formed the specific intent to kill [] Chambliss due to his mental illness and voluntary drug intoxication, [Appellant] testified, notwithstanding the toxicology report, that he had not smoked PCP on the day of the murder and that he was not high on the drug at the time he committed the offense.

- 2 -

***Commonwealth v. Smith***, 2020 WL 550739, at \*1–\*2 (Pa. Super. Feb. 4, 2020) (unpublished memorandum).

On March 2, 2018, following a jury trial, Appellant was convicted of murder in the first degree and possessing an instrument of a crime. On May 7, 2018, the trial court sentenced Appellant to life imprisonment, with a consecutive sentence of 16 to 36 months' incarceration. This Court affirmed Appellant's judgment of sentence on February 4, 2020. ***Id***. Our Supreme Court denied Appellant's petition for allowance to appeal on October 5, 2020. ***Commonwealth v. Smith***, 240 A.3d 96 (Pa. 2020).

On August 6, 2021, Appellant filed a timely *pro se* PCRA petition, his first, alleging that trial counsel provided ineffective assistance, citing several facets of counsel's supposedly deficient performance. On August 16, 2021, the PCRA court appointed C. Curtis Norcini, Esquire ("Attorney Norcini") as PCRA counsel. Ultimately, on March 4, 2022, Attorney Norcini filed a motion to withdraw, as well as a "no merit" letter pursuant ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) and ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988).

On March 30, 2022, the PCRA court filed a notice of intent to dismiss the petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907(a). In said notice, the PCRA court gave Appellant 20 days to file a response. On April 18, 2022, Appellant moved for an extension of time to file his Rule 907 response. The PCRA court granted the extension, directing Appellant to file his response on or before June 20, 2022. Appellant's *pro se* response to the PCRA

court's Rule 907 notice was filed on June 21, 2022, and raised issues of trial counsel's and appellate counsel's alleged ineffective assistance. Because "the postmark on the envelope in which [Appellant's *pro se* Rule 907 response] arrived indicated that [Appellant] placed his [Rule 907 response] in the prison mail system on or about June 16, 2022," the PCRA court considered it to be timely filed. PCRA Court Opinion, 2/27/23, at 3-4, *citing* **Commonwealth v. Smith**, 2017 WL 3586734 *1, *2 (Pa. Super. 2017) ("Under the 'prisoner mailbox rule,' a *pro se* petitioner's document is deemed filed on the date he delivers it to prison authorities for mailing.").

On July 8, 2022, the PCRA court ordered Attorney Norcini to review Appellant's *pro se* Rule 907 response and "advise the [c]ourt whether the averments [within it], in conjunction with or separately from [Appellant's] *pro se* PCRA petition[] have any merit, by filing an [a]mended PCRA [p]etition or an [a]mended **Turner/Finely** letter." PCRA Court Order, 7/8/22, at 1. "PCRA [c]ounsel filed an amended **Turner/Finley** letter on August 19, 2022, determining that none of [Appellant's] additional issues had any merit." PCRA Court Opinion, 2/27/23, at 4. Thereafter, on October 4, 2022, the PCRA court issued an order dismissing Appellant's PCRA petition and granting Attorney Norcini leave to withdraw as counsel.

Appellant filed a timely notice of appeal on November 1, 2022. On December 8, 2022, the PCRA court ordered Appellant to file and serve a concise statement of errors complained of on appeal within 21 days, pursuant to Pa.R.A.P. 1925(b). After securing an extension, Appellant timely complied.

In Appellant's Rule 1925(b) statement, he claimed, for the first time, that Attorney Norcini provided ineffective assistance.

Appellant raises the following issues on appeal:[1]

1. [Whether the trial court erred in failing to remove trial counsel due to a conflict of interest; denying Appellant a suppression hearing; permitting the Commonwealth to submit evidence "after the time period ended;" allowing an "all[-]white jury [to convict Appellant who] is African American;" and allowing Appellant "to be slandered by the District Attorney?"

2. Whether trial counsel was ineffective?

3. Whether appellate counsel was ineffective?

4. Whether Attorney Norcini, PCRA counsel, was ineffective?]

*See generally* Appellant's Brief at 2-5.

Our standard of review for challenges to the denial and dismissal of petitions filed pursuant to the PCRA is well-settled.

> We must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this [C]ourt applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

---

[1] We have re-ordered Appellant's claims for ease of discussion and disposition.

- 5 -

*Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Moreover,

> [t]o be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2). These errors include a constitutional violation or ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.* Additionally, [an] appellant must show his claims have not been previously litigated or waived, and "the failure to litigate the issue prior to or during trial ... or on direct appeal could not have been the result of any rational strategic or tactical decision by counsel." 42 Pa.C.S.[A.] § 9543(a)(3), (a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.[A.] § 9544(a)(2). An issue is waived if appellant "could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.[A.] § 9544(b).

*Commonwealth v. Cousar*, 154 A.3d 287, 296 (Pa. 2017) (some citation omitted).

In Appellant's first issue, he argues that the trial court committed various errors before and during trial. *See* Appellant's Brief at 5 and 26-28. In particular, Appellant claims that the trial court erred by (1) failing to remove trial counsel due to a conflict of interest; (2) "deny[ing]" Appellant a suppression hearing; (3) letting the Commonwealth submit evidence "after motions were filed for all evidence to be turned over;" and (4) allowing the District Attorney to "slander" him in front of the jury. Appellant's Brief at 26-28. These trial-based claims are not raised within the context of a

- 6 -

challenge to trial counsel's effectiveness and, thus, could have been litigated on direct appeal. We therefore conclude that Appellant's first appellate issue is waived. *See Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*) ("At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not).")

In Appellant's second and third issues, Appellant sets forth various claims of trial and appellate counsels' ineffective assistance. Appellant's Brief at 4-5 and 9-19. Appellant, however, failed to raise any of the aforementioned issues in his Rule 1925(b) statement. *See* Appellant's Rule 1925(b) Statement, 1/13/23, at 1-2. Thus, Appellant's claims are necessarily waived. *See* Pa.R.A.P.1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement and/or not raised in accordance with the provisions of [Rule 1925(b)(4)] are waived"); *see also Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (holding that any appellate issues not raised in a compliant Rule 1925(b) statement will be deemed waived).

We now turn to Appellant's final appellate issue in which he argues that PCRA counsel, Attorney Norcini, provided ineffective assistance. Our Supreme Court recently restructured the procedure by which a PCRA petitioner may assert claims of PCRA counsel's ineffectiveness to "allow[] a PCRA petitioner to raise claims of ineffective assistance of counsel **at the first opportunity to do so, even when on appeal**." *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) (emphasis added). In a subsequent decision, however, our Supreme Court "emphasized the importance of raising a claim of PCRA

counsel's ineffectiveness in the Rule 1925(b) statement if that filing is the petitioner's first opportunity to do so." ***Commonwealth v. Spady***, 2023 WL 2923091 *1, *3 (Pa. Super. April 13, 2023) (unpublished memorandum), *citing* ***Commonwealth v. Parrish***, 273 A.3d 989, 1002 (Pa. 2022) ("Parrish adequately raised and preserved his layered claim of the ineffective assistance of trial and initial PCRA counsel by raising it at the first opportunity to do so, specifically in his [c]orrected 1925(b) [s]tatement and in his brief filed with this Court in this appeal."). Thus, pursuant to ***Parrish***, this Court has held that, if a petitioner's 1925(b) statement is his first opportunity to raise a claim regarding PCRA counsel's ineffectiveness and he fails to do so, such a claim is waived. ***See Spady***, ***supra*** at *3; ***see also Commonwealth v. Womack***, 2022 WL 17099016 *1, *3 (Pa. Super. Nov. 22, 2022) (unpublished memorandum) ("[B]ecause new PCRA counsel did not raise Womack's layered claim of ineffectiveness in his Rule 1925(b) statement, we agree with the Commonwealth that Womack's second issue is waived."); ***Commonwealth v. Alston***, 2022 WL 1658068 *1, *7 (Pa. Super. May 25, 2022) (unpublished memorandum) (same).

Herein, Appellant sets forth the following claims against PCRA counsel, Attorney Norcini: Attorney Norcini provided ineffective assistance of counsel by failing to assert that trial counsel was ineffective for (1) "not suppressing information prior to trial;" (2) "not calling upon []or interviewing witnesses prior to trial [after Appellant] provided a list [of said witnesses] and the witnesses would have cor[r]oborated [Appellant's] testimony;" (3) "not

accepting the [trial j]udge's reco[m]mendation of a mistrial [after] the District Attorney slandered [Appellant];" and (4) raising a diminished capacity defense that was not agreed upon in violation of Appellant's Sixth Amendment rights. Appellant's Brief at 3 and 21-24. In addition, Appellant claims that Attorney Norcini was ineffective for failing to "search the entire record" and raise "meritorious PCRA issues not recognized or raised by Appellant." *Id*. at 20. A review of Appellant's 1925(b) statement, however, reveals that Appellant included only two of the aforementioned claims, namely, Attorney Norcini's alleged failure to (1) challenge trial counsel's decision to pursue a diminished capacity defense and (2) adequately review the record and pursue various issues in an amended PCRA petition. *See* Appellant's Rule 1925(b) Statement, 1/13/23, at 1-2. We therefore conclude that Appellant waived his remaining claims by failing to include them in his 1925(b) statement.

We now turn to the properly preserved claims challenging Attorney Norcini's effectiveness. As stated above, a PCRA petitioner is now permitted to assert claims of PCRA counsel's ineffectiveness, as long as he does so at the first opportunity. *Bradley*, *supra*, at 401. When raised on appeal, the Court explained:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are

material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

*Id.* at 402 (quotation marks, brackets, and citation omitted). Accordingly, appellate courts are empowered to consider claims that were never presented to the PCRA court and remand cases for further development of the record where appropriate. *Id.* PCRA petitioners who challenge the performance of PCRA counsel for the first time on appeal are entitled to remand for further consideration of their claims only where the law and the facts suggest a colorable claim for relief that goes beyond mere boilerplate contentions. *See Parrish*, 273 A.3d at 1007 (explaining that the appellant in that case pointed to potential evidence supporting his claim, provided a colorable argument, and alleged prejudice such that he was "entitled to a remand to present evidence and argument to substantiate his claim[.]").

"[C]ounsel is presumed effective, and [the appellant] bears the burden of proving otherwise." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014), *quoting Commonwealth v. Steele*, 961 A.2d 786, 796 (Pa. 2008). To prevail on an ineffectiveness claim, an appellant must establish:

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Lesko*, 15 A.3d 345, 373–374 (Pa. 2011), *citing Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). Failure to meet

any prong of the test will defeat an ineffectiveness claim. ***Commonwealth v. Rainey***, 928 A.2d 215, 224–225 (Pa. 2007).

Importantly, when raising a layered claim of ineffective assistance of counsel, a petitioner's "ineffectiveness claims as to PCRA counsel are derived from [the] underlying assertion that trial counsel performed deficiently and PCRA counsel should have raised such issues in the amended PCRA petition[,] PCRA counsel c[an] only be found ineffective if trial counsel was ineffective." ***Commonwealth v. Crumbley***, 270 A.3d 1171, 1180 n.7 (Pa. Super. 2022) (citation omitted). Thus, a litigant raising a layered claim of ineffectiveness within the context of collateral review must adequately develop all three prongs of ineffectiveness for each layer of representation that is the subject of the challenge. ***See Parrish***, 273 A.3d at 1003, n.11.

First, Appellant claims that Attorney Norcini provided ineffective assistance because he allegedly failed to investigate and/or recognize meritorious issues and file an amended PCRA petition on Appellant's behalf. In its 1925(a) opinion, the PCRA court addressed Appellant's complaint as follows:

> A review of the record demonstrates that [Appellant's] assertion of ineffective assistance of [Attorney Norcini's] alleged failure to "search the entire record" to find some unspecified outstanding "meritorious PCRA issues" not already intuited by [Appellant] is without merit. [Appellant's] claim is mere boilerplate and patently speculative. He does not identify any issue that [Attorney Norcini] missed. He simply states that [Attorney Norcini's] alleged failure to review the "entire record" possibly left some nebulous issue or issues that might have, if

proven, provided him with an avenue for relief. The record belies [Appellant's] allegations.

The record, including both of [Attorney Norcini's] *Turney/Finley* letters[,] shows that [Attorney Norcini] addressed not only the issues [Appellant] raised in his *pro se* [p]etition, but also those that [Appellant] raised in his [*pro se* response to the PCRA court's 907 notice]. [Attorney Norcini], in his *Turney/Finley* letters, affirmed that he had communicated with [Appellant] in writing regarding these issues. It is true that in representing a PCRA petitioner, counsel must certify to an exhaustive reading of the record and endeavor to uncover all possible issues for review. *Commonwealth v. Perry*, 959 A.2d 932 (Pa. Super. 2008)[. Attorney Norcini] [] satisfied this demand. [Attorney Norcini] listed the exhaustive record items he [] reviewed in making his determination that there were no meritorious issues to be advanced in [Appellant's] case and expressly stated that he had studied all of the items and ["]unfortunately found that there are no issues of arguable merit that would form the basis of an amended petition[.]" [] PCRA Counsel's *Turney/Finley* Letter, 3/4/22, at 1, [¶] 1; PCRA Counsel's *Turney/Finley* Letter, 8/19/22, at 1, [¶] 1[.]

As this [] Court recently set forth,

> "[Under *Turner/Finley*, i]f PCRA counsel seeks to withdraw on the grounds that the issues raised by the PCRA petitioner are without merit, he must satisfy the following requirements: he must file a sufficient no merit letter, send the PCRA petitioner copies of the application to withdraw and no-merit letter, and advise the PCRA Petitioner of his right to proceed *pro se* or with a privately retained attorney. The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless."

*Commonwealth v. Frye*, 287 A.3d 875, 2022 WL 10225179 *4 (Pa. Super. 2022)[. Attorney Norcini's] *Turner/Finley* letter[s] meets all of these requirements. In addition, [the PCRA court] conducted an independent review in this matter and determined that Attorney Norcini's] analysis of the issues raised was correct and determined . . . that his conclusion that

there were no meritorious issues to be found in the record was sound. [Hence, Appellant's boilerplate and speculative claim lacks merit].

PCRA Court Opinion, 2/27/23, at 10-12. We adopt this aspect of the PCRA court reasoning as our own. Based upon the foregoing, we conclude that Appellant's claim asserting PCRA counsel's lack of diligence is devoid of merit.

Next, Appellant claims that Attorney Norcini was ineffective for failing to raise an issue of trial counsel's ineffectiveness. In particular, Appellant claims that Attorney Norcini rendered ineffective assistance in failing to file an amended PCRA petition averring that trial counsel, in violation of Appellant's Sixth Amendment rights, pursued a diminished capacity defense, as opposed to claiming self-defense, without Appellant's knowledge or consent. Upon review, we conclude that Appellant's claim fails for lack of prejudice.

In his appellate brief, Appellant proffers the following statement in support of his claim:

> [Attorney Norcini] was ineffective for failing to raise the fact that trial counsel raised a defense that was not agreed upon with Appellant which violated his [S]ixth [A]mendment rights and prejudice[d] him by robbing him of a fair trial and making him look like a lier [*sic*] before the jury when a [d]iminsh[ed c]apacity defense was never suppose[d] to be brought up at all. **Com**[**monwealth**] **v. Pierce**, 527 A.2d 973, 975 ([Pa.] 1987)[.] In this instant case[,] this petitioner asserts that this claim is of arguable merit in that a defendant has a fundamental right to choose his own defense. The United States Constitution Sixth Amendment guarantees a criminal defendant the right to choose objective of his own defense and insist that his counsel refrain from admitting guilt[]. [**See**] **McCoy v. Louisiana**[, 138 S.Ct. 1500 (2018).] And this right was violated when counsel chose to purse an entirely different defense than the agreed upon defense and that [is] how Appellant was prejudiced.

Appellant' Brief at 21-22.  Appellant, therefore, failed to set forth any argument demonstrating that, had trial counsel avoided a diminished capacity defense, the outcome would have been different.  Instead, Appellant sets forth a blanket statement claiming prejudice, which is utterly insufficient.  **See Commonwealth v. Spotz**, 870 A.2d 822, 833-834 (Pa. 2005) (explaining that to demonstrate prejudice, an appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different).  Thus, we hold that Appellant's ineffective assistance claims directed at PCRA counsel are unavailing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/24/2024